IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK09-40415-TLS |
| TODD A. HEDLUND and | ) | A09-4053-TLS |
| KELLY A. HEDLUND, | ) | |
| | ) | CHAPTER 7 |
| Debtor(s). | ) | |
| BEAR ROCK FRANCHISE SYSTEMS, INC.; | ) | |
| BEAR ROCK HOLDINGS, INC.; and | ) | |
| W. GARY BRYANT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TODD A. HEDLUND; KELLY A. | ) | |
| HEDLUND; and SECURITY STATE BANK, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the motions for summary judgment by the debtor-defendants (Fil. #25) and defendant Security State Bank (Fil. #34), and opposition by the plaintiffs (Fil. #42). Laura E. Troshynski and Trev E. Peterson represent the debtor-defendants, Michael J. Whaley represents defendant Security State Bank, and Brian E. Jorde and Mark D. Raffety represent the plaintiffs. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

The motions are denied.

I. BACKGROUND

The plaintiffs hold judgments totaling $204,802.17 against the debtor-defendants. After the debtors filed their Chapter 7 petition, the plaintiffs filed this adversary proceeding alleging that the debtors made a fraudulent transfer by granting a deed of trust to the predecessor in interest of Security State Bank (hereafter collectively referred to as "the bank"). The plaintiffs also allege fraud on the part of the bank by "facilitat[ing] the fraudulent encumbrance of the Defendant/Debtor's assets by failing to properly ascertain the Debtors' true financial condition or with reckless disregard of their financial condition," Am. Compl., ¶ 24 (Fil. #13), and ask the court to subordinate the bank's deed of trust to the plaintiffs' judgment lien. The amended complaint also objects to the debtors' motion to avoid the plaintiffs' lien, but that motion is set for hearing in the underlying bankruptcy

case. The debtors and the bank have now moved for summary judgment as to the fraudulent transfer claim raised in the amended complaint. No evidence or argument was adduced as to the other claims in the amended complaint.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial.").

## III. UNCONTROVERTED FACTS

The following facts are undisputed:

A. On March 26, 2008, the plaintiffs (hereafter collectively referred to as "Bear Rock") obtained a judgment against the Hedlunds in the United States District Court of the Eastern District of North Carolina in the amount of $198,821.01 with interest accruing at 8% per annum from November 1, 2007. The judgment confirmed an arbitration award entered in Bear Rock's favor in 2007 concerning a restaurant franchise agreement.

B. On June 25, 2008, the same court entered a judgment of $5,982.16 against the Hedlunds for attorneys' fees and expenses.

C. On October 23, 2008, Bear Rock filed a petition for registration of foreign judgment in the District Court of Lancaster County, Nebraska.

D. On February 20, 2009, the Hedlunds filed a joint voluntary Chapter 7 petition in bankruptcy in the United States Bankruptcy Court for the District of Nebraska.

E. The Hedlunds previously owned and lived in a house at 3325 Longview Court, Lincoln, Nebraska.

F. Howard County Bank recorded a deed of trust on the Longview Court house in October 2004. The bank released that deed of trust in October 2007.

G. The Hedlunds currently own real property commonly known as 5120 South 90th Street, Lincoln, Nebraska. That property is their primary residence and it is subject to the first lien of Mutual of Omaha Bank, which provided the take-out financing for the construction loans also made by Mutual of Omaha Bank to build the residence.

H. The value of the South 90th Street property is roughly $640,000.00.

I. The Hedlunds executed an additional deed of trust on the South 90th Street property to Howard County Bank, as beneficiary and trustee. This deed of trust was dated March 25, 2008, and was signed and notarized on April 2, 2008. The deed of trust was filed with the Register of Deeds of Lancaster County, Nebraska, on April 3, 2008, as Instrument No. 2008-15095.

J. The deed of trust secures two promissory notes in favor of the Howard County Bank, both computer-dated March 25, 2008, and signed on April 17, 2008. The first promissory note is in the amount of $198,210.00, and the second promissory note is in the amount of $60,000.00.

K. The Howard County Bank was a division of Sherman County Bank. Sherman County Bank was closed by the Nebraska Department of Banking and Finance, and the Federal Deposit Insurance Corporation was appointed as receiver of that institution. The indebtedness held by the Howard County Bank was transferred by the FDIC to one or more transferees who in turn ultimately assigned the debt to the Security State Bank of Ansley, Nebraska. Security State Bank of Ansley, Nebraska, is now the holder of the debt at issue.

## IV. DISCUSSION

Bear Rock alleges that the Hedlunds, by granting a deed of trust on their house to Howard County Bank on the eve of the entry of a judgment against them in favor of Bear Rock, made a fraudulent transfer under Neb. Rev. Stat. § 36-705, a section of the Nebraska Uniform Fraudulent Transfer Act ("NUFTA"). Section 36-705 provides:

36-705. Transfers fraudulent as to present and future creditors
    (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
        (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
        (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

>             (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>             (ii) intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.
>     (b) In determining actual intent under subdivision (a)(1) of this section, consideration may be given, among other factors, to whether:
>         (1) the transfer or obligation was to an insider;
>         (2) the debtor retained possession or control of the property transferred after the transfer;
>         (3) the transfer or obligation was disclosed or concealed;
>         (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
>         (5) the transfer was of substantially all the debtor's assets;
>         (6) the debtor absconded;
>         (7) the debtor removed or concealed assets;
>         (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>         (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>         (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
>         (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

For purposes of NUFTA, "transfer" means "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." Neb. Rev. Stat. § 36-702(12). Thus, the creation of a lien in favor of the bank on the residence was a transfer. A transfer may be fraudulent if the debtor does not receive "reasonably equivalent value" in exchange for the transfer. Section 36-704 defines "value" as follows:

>     (a) Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.
>     (b) For the purposes of subdivision (a)(2) of section 36-705 and section 36-706, a person gives a reasonably equivalent value if the person acquires an interest of the debtor in an asset pursuant to a regularly conducted, non-collusive foreclosure sale or execution of a power of sale for the acquisition or disposition of

    the interest of the debtor upon default under a mortgage, deed of trust, or security agreement.
        (c) A transfer is made for present value if the exchange between the debtor and the transferee is intended by them to be contemporaneous and is in fact substantially contemporaneous.

The Hedlunds assert that the deed of trust was a transfer for value in that it secured the renewal of existing debt and simply replaced the bank's lien on their previous home after it was sold and permanent financing was in place on their current home. The bank released its deed of trust on the Hedlunds' previous home in October 2007. The deed of trust at issue here secures two promissory notes dated March 25, 2008. One, in the principal amount of $198,210.00, was a business loan co-signed by the Hedlunds. The other, in the principal amount of $60,000.00, was a business loan to the Hedlunds. According to the bankruptcy schedules, the Hedlunds' current home is worth $640,000.00. Mutual of Omaha Bank holds a first lien against it in the amount of $412,000.00. The two Howard County Bank loans subsumed the remaining value of the property. The evidence on the summary judgment motions does not support the argument that the transfer was for an antecedent debt. There is no evidence that a debt to the bank existed at the time the deed of trust was executed and filed. The debtors did not become obligated on the underlying loans until April 17th, three weeks after the trust deed was recorded. Whether the parties intended the transfer to be contemporaneous, and whether the delay between the granting of the deed of trust and the receipt of the loan proceeds means the exchange was not substantially contemporaneous, are questions of fact to be established at trial. Even if the transfer is found to be substantially contemporaneous, it could nevertheless be fraudulent if made with actual intent to hinder, delay, or defraud creditors. Intent is a factual issue on which the credibility of the debtors must be ascertained, and on which the badges of fraud in Section 36-705(b) will be relevant, so summary judgment cannot be granted at this point.

IT IS ORDERED: The motions for summary judgment by the debtor-defendants (Fil. #25) and defendant Security State Bank (Fil. #34) are denied.

DATED: June 7, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Laura E. Troshynski    Mark D. Raffety
    *Michael J. Whaley    Brian E. Jorde
    *Trev E. Peterson    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.